**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30959
Summary Calendar

ERNEST JEROME BRANCH,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(96-CV-1420-M)

May 14, 1997

Before WISDOM, KING, AND SMITH, Circuit Judges.

PER CURIAM:[*]

The appellant, Ernest Jerome Branch, asks this court to reverse the district court's dismissal of his case on res judicata grounds. We affirm.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Liberally construed, the appellant's brief indicates that he sought damages under the Federal Tort Claims Act in a prior action numbered 93-2705 in the district court. In that case, the appellant's request to amend his complaint to include a claim for disability benefits under 38 U.S.C. § 1151 was denied for failure to exhaust administrative remedies. The record shows that suit was dismissed after the district court granted summary judgment for the government. After exhausting his administrative remedies, the plaintiff filed a second action in the district court, numbered 96-1420. The district court dismissed the case on res judicata principles. For the reasons that follow, we do not address the alleged error in that determination.

In his brief, the appellant states that the issue in this case concerns whether the court erred in using Louisiana statutes in a federal court for a federal claim. While the basis of his argument is unclear, it is apparent that he is appealing the dismissal on the merits. Because in the instant case the court dismissed the case *sua sponte* on res judicata grounds, we are not presented with any evaluation of the merits of the case in the court below. Thus, the appellant appears to be asking us to review the district court's decision in the case numbered 93-2705. To that extent, the appeal is untimely.

To the extent that the appellant asks us to review any determination by the court regarding his claim for disability

2

benefits, we find that the district court was without jurisdiction to entertain such a claim.  The Veterans Judicial Review Act, 38 U.S.C. § 7251, precludes federal district court review of benefits determinations.  See also Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995), cert. denied, 116 S.Ct. 909 (1996).

Accordingly, for the alternative reasons above, the district court's dismissal of the appellant's case is **AFFIRMED**.